IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTRELL TEEN, #461504, and <br> KEUNDRAY KILPATRICK, #463106, <br><br> Plaintiffs, <br><br> vs. <br><br> ARAMARK CORRECTIONAL <br> SERVICES, LLC, <br><br> Defendant. | Case No. 19-cv-00195-JPG |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiffs Antrell Teen and Keundray Kilpatrick, both detainees at St. Clair County Jail ("Jail") located in Belleville, Illinois, filed a Complaint in the Circuit Court for St. Clair County, Illinois, against Defendant Aramark Correctional Service, LLC. (Doc. 1-1). Plaintiffs bring a single claim for breach of contract against Aramark for providing Jail inmates with nutritionally inadequate meals prepared in unsanitary conditions. (*Id*.). Plaintiffs seek $125,000 in damages. (*Id*. at p. 5).

Defendant removed the case from the Circuit Court for St. Clair County, Illinois, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332. Plaintiffs did not object, and the Court finds that removal is proper.[1] (Doc. 1). Accordingly, the Complaint is subject to preliminary review pursuant to 28 U.S.C. § 1915A.

---

[1] Defendant filed a Notice of Removal on the basis of diversity jurisdiction within thirty days of service of the Complaint on Aramark. *See* 28 U.S.C. §§ 1332, 1441, 1446. The district court has original jurisdiction of the civil action because the amount in controversy exceeds $75,000 (exclusive of interest and costs) and involves citizens of different states. (*Id*.).

1

Section 1915A requires the Court to screen prisoner complaints[2] to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

Plaintiffs set forth the following allegations in support of their claim against Aramark (Doc. 1-1, pp. 4-5): Aramark allegedly breached its contractual obligation to provide inmates at St. Clair County Jail with nutritious, wholesome, and palatable food. Between 2016 and 2018, the company provided "low quality" foods with "no shelf life" and prepared in unsanitary conditions. (*Id*.). As a result, Plaintiffs were placed at risk of illness. Aramark also breached the terms of the operating agreement with the Jail by failing to provide expert administrators, managers, and dietitians on site. (*Id*.).

Based on the allegations in the Complaint, the Court finds it convenient to designate a single Count in the Complaint:

**Count 1:** Breach of contract claim against Aramark for failing to fulfill the terms of its operational agreement with St. Clair County Jail by providing inmates with nutritionally adequate food prepared in sanitary conditions under the supervision of expert administrators, managers, and dietitians.

---

[2] The screening requirement specifically applies to a complaint filed by a prisoner in a civil action seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiffs are "prisoners" as defined in Section 1915A(c). Defendant is a private corporation that contracts with local jails to provide food services and is generally treated as a municipal entity and state actor for purposes of 42 U.S.C. § 1983 and 28 U.S.C. § 1915A. *Horton v. Sheriff of Cook Cnty.*, 2012 WL 5838183, at *3 (N.D. Ill. 2012) (collecting cases). Consistent with this line of cases, the Court will screen the instant Complaint under Section 1915A.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

## Discussion

The only claim at issue in this case arises under state law. Federal courts "sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)); *Wachovia Sec., LLC v. Banco Pan americano, Inc.*, 674 F.3d 743, 7512 (7th Cir. 2012). Illinois substantive law thus governs the breach of contract claim.

This is true regardless of any choice-of-law provision that is contained in the contract between Aramark and the Jail. Plaintiffs did not include a copy of the agreement with the Complaint, so the Court cannot determine whether the contract contains a choice-of-law provision. Further, the Seventh Circuit Court of Appeals has not decided whether the court must apply the law of the state designated in a contract's choice-of-law provision when determining whether parties entered into a binding contract. *See, e.g., Abraham v. JetSmarter, Inc.*, 2019 WL 1459056 (E.D. Wis. April 2, 2019). However, other circuits have pointed out the logical flaw in recognizing this type of contractual provision before deciding whether a valid underlying contract even exists. *Id*. at *3 (collecting cases). Given that the contract at issue addresses food service provided at St. Clair County Jail in the State of Illinois, the Court will analyze this claim under Illinois law.

A breach of contract claim includes four elements under Illinois state law: (1) the existence of a valid and enforceable contract; (2) plaintiff's substantial performance; (3) defendant's breach

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

of contract; and (4) resultant damages. *Dual-Temp of Ill., Inc. v. Hench Control, Inc.*, 821 F.3d 866, 869 (7th Cir. 2016); *Hess v. Bresney*, 784 F.3d 1154, 1158-59 (7th Cir. 2015).

Count 1 fails on the first prong. Plaintiffs do not claim to be parties to the operational agreement between Aramark and St. Clair County Jail. (Doc. 1-1). They fail to allege what, if any, type of contractual relationship exists between Aramark and Plaintiffs. (*Id*. at pp. 4-6). Because they also did not provide the Court with the operational agreement, the Court cannot make an independent assessment of this relationship.

It is possible that Plaintiffs are third-party beneficiaries to the contract between Aramark and the Jail. Illinois law recognizes two kinds of third-party beneficiaries, *i.e.*, intended and incidental. *Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 758-59 (7th Cir. 2008). An "intended beneficiary" is "intended by the parties to the contract to receive a benefit for the performance of the agreement and has rights and may sue under the contract." *Id*. (citations omitted). An "incidental beneficiary" has no rights and may not sue to enforce them. *Id*. There is also a strong presumption against creating rights in a third-party beneficiary. *Id*. For this reason, the intent to benefit a third party "must affirmatively appear from the language of the contract and the circumstances surrounding the parties at the time of execution." *Wallace v. Chi. Housing Auth.*, 298 F. Supp. 710, 724 (N.D. Ill. 2003). The best evidence of this intent to benefit a third party is "[e]xpress language in the contract identifying the third-party beneficiary." *Id*. (quoting *Quinn v. McGraw-Hill Cos.*, 168 F.3d 331, 334 (7th Cir. 1999)). Absent a copy of the operational agreement or any allegation addressing the existence of a contractual relationship between Plaintiffs and Aramark, Count 1 does not survive preliminary review and shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## Disposition

**IT IS ORDERED** that the Complaint (including **COUNT 1**) is **DISMISSED** without

prejudice for failure to state a claim upon which relief may be granted. Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **May 27, 2019**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00195-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 4/29/2019**

s/J. Phil Gilbert<br>
**J. PHIL GILBERT**<br>
**United States District Judge**