# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTRELL TEEN, #Y35968, and<br>KEUNDRAY KILPATRICK, #463106,<br><br>Plaintiffs,<br><br>vs.<br><br>ARAMARK CORRECTIONAL<br>SERVICES, LLC, ST. CLAIR COUNTY,<br>and SHERIFF RICHARD WATSON,<br><br>Defendants. | Case No. 19-cv-00195-JPG |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for review of the First Amended Complaint filed by Plaintiff Antrell Teen, a former detainee at St. Clair County Jail who complains that he was denied nutritionally adequate, safe, and palatable food during his detention at St. Clair County Jail from 2016-19. (Doc. 15). Plaintiff filed the original Complaint with Keundray Kilpatrick in St. Clair County Circuit Court. (Doc. 1-1). The Complaint addressed a single claim for breach of contract against Aramark Correctional Services, LLC ("Aramark"), a Delaware company that contracts with St. Clair County Jail to provide inmates with food. (*Id*.). Plaintiffs requested $125,000 in money damages for Aramark's alleged failure to satisfy this contractual obligation. (*Id*.).

Aramark removed the case from state court to federal court pursuant to 28 U.S.C. §§ 1441, 1446, and 1332. (Doc. 1, p. 2). Plaintiffs did not object. The Court found that removal was proper on the basis of diversity of citizenship. (Doc. 14, p. 1 n. 1) (concluding that "[t]he district court has original jurisdiction of the civil action because the amount in controversy exceeds $75,000 (exclusive of interest and costs) and involves citizens of different states"). However, the

Complaint was dismissed at screening under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. (Doc. 14).

Plaintiffs were granted leave to file a First Amended Complaint in this District on or before May 27, 2019. (Doc. 14, pp. 4-5). Prior to the deadline, Plaintiff Teen filed an amended complaint. (Doc. 15). Plaintiff Kilpatrick did not sign the amended complaint and is not listed as a party in the case caption. (*Id*.). In fact, he has not communicated with this Court since the case was removed. By all indications, this case involves a single plaintiff, *i.e.*, Antrell Teen.

Plaintiff Teen names two new defendants in addition to Aramark—St. Clair County and Sheriff Richard Watson. The addition of these two defendants destroys this Court's diversity jurisdiction. *See, e.g., Estate of Alvarez v. Donaldson Co., Inc.*, 213 F.3d 993 (7th Cir. 2000) (diversity jurisdiction present when action is commenced can be divested by the subsequent addition of nondiverse parties in an amended complaint); *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995) (first amended complaint, not original complaint, controlled the court's jurisdictional analysis). Jurisdiction under 28 U.S.C. § 1332 requires *complete* diversity of the parties. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citizenship of each plaintiff must be diverse from the citizenship of each defendant). Plaintiff is an inmate who is housed in Illinois, and he now names an Illinois county, its sheriff, and food service provider as defendants. Complete diversity is thus lacking between the single plaintiff and the three defendants.

A federal court faced with this scenario has two choices: (1) deny leave to amend (and joinder) and retain jurisdiction; or (2) allow the amendment (and joinder) and remand the case to the state court from which it was removed. *See* 28 U.S.C. § 1447(e). The Seventh Circuit Court of Appeals adds that "[w]hen a plaintiff amends his complaint after removal in a way that destroys diversity, a district [c]ourt must consider the reasons behind the amendment in determining

2

whether the remand is proper. If a plaintiff amended simply to destroy diversity the district court should not remand." *Schillinger v. Union Pacific Railroad Co.*, 425 F.3d 330 (7th Cir. 2005).

The Court cannot conclude that Plaintiff Teen amended the Complaint with the intention of destroying diversity jurisdiction. The Court required him to amend in order to pursue his breach of contract claim after dismissing the original Complaint for failure to state a claim. When he amended, Plaintiff provided the Court with a copy of the Operating Agreement that gives rise to his single claim for breach of contract against Aramark. (Doc. 16, pp. 6-22). The contract names Aramark and St. Clair County as parties to the Agreement. (*Id.*). Plaintiff presumably added St. Clair County and the sheriff as defendants because they are necessary and indispensable. But the addition of these defendants deprives this Court of subject matter jurisdiction for lack of complete diversity. Under the circumstances, remand of this matter to state court is required. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## Disposition

**IT IS ORDERED** that this case is **REMANDED** to the Circuit Court for the Twentieth Judicial Circuit located in St. Clair County, Illinois, for all further action. 28 U.S.C. § 1447(c), and all pending motions (Doc. 9) are **DISMISSED** as **MOOT** in this removed case.

The **CLERK** is **DIRECTED** to transmit a copy of this Order for Remand to the Clerk of the Circuit Court for the Twentieth Judicial Circuit located in St. Clair County, Illinois, for all further action and **CLOSE** this case.

**IT IS SO ORDERED.**

**DATED: 8/6/2019**

                                          s/J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **United States District Judge**